People v Scott (2020 NY Slip Op 02633)





People v Scott


2020 NY Slip Op 02633


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-07988
 (Ind. No. 2842/15)

[*1]The People of the State of New York, respondent,
v
Isaiah Scott, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Aurora Alvarez-Calderon, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered July 6, 2017, convicting him of burglary in the first degree, robbery in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established that the codefendant Kimberly Newman (hereinafter Kimberly), a 26-year-old woman, was in a relationship with the 16-year-old male complainant. The complainant had seen Kimberly's brother, the codefendant Christopher Newman (hereinafter Christopher), with his friends, the defendant, Isaiah Scott, and codefendant Khalif White, at Kimberly's house approximately 10 times. Eventually, the complainant broke off the relationship with Kimberly, who was visibly upset. The next day, the complainant was asleep in the living room of his apartment when he was suddenly attacked by three men who had arrived at his apartment with Kimberly. During the attack, the complainant was kicked in the mouth and reportedly hit with a wooden board. The complainant identified his attackers as the defendant, Christopher, and White as the perpetrators. Before leaving, they stole, among other things, three pairs of sneakers from the complainant, including a pair that Kimberly had purchased for him. The defendant left with Kimberly, Christopher, and White. The complainant identified the perpetrators in photos he found through Kimberly's Instagram page several days after the attack.
After trial, the defendant, Kimberly, and Christopher all were convicted of burglary in the first degree, two counts of robbery in the second degree, and endangering the welfare of a child. Kimberly also was convicted of criminal facilitation in the fourth degree. White was acquitted of all charges.
Contrary to the People's contention, the defendant preserved for appellate review his contention that the evidence was not legally sufficient to establish his guilt of the crimes of which he was convicted (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to [*2]establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court